# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

BENJAMIN EUGENE WALKER,

 Plaintiff,

v.                 CIVIL ACTION NO. 5:19-cv-00031

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY

 Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff's Memorandum in Support of Judgment on the Pleadings [Doc. 14], filed June 6, 2019, and Defendant's ("Commissioner") Memorandum in Support of Judgment on the Pleadings/Defendant's Decision [Doc. 15], filed July 8, 2019. Plaintiff filed a Reply on July 15, 2019 [Doc. 16].

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 30, 2019. In his PF&R, Magistrate Judge Tinsley concluded that the Administrative Law Judge ("ALJ") erred at step five of the sequential evaluation process set forth in 20 C.F.R. Sections 404.1520(a)(4) and 416.920(a)(4), when he determined that Plaintiff could perform the representative jobs identified by the Vocational Expert ("VE"), despite an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles*. Specifically, Magistrate Judge Tinsley concluded that the ALJ failed to address the exact form of reaching the identified jobs required and whether Plaintiff could fulfill those requirements, and instead, relied entirely upon the VE's testimony when such testimony did not provide substantial

evidence to support the ALJ's determination. Accordingly, Magistrate Judge Tinsley recommended that the Court grant Plaintiff's request to reverse the Commissioner's decision, deny the Commissioner's request to affirm his decision, and remand this matter to the ALJ for further proceedings.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on November 18, 2019. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 18**], **GRANTS** Plaintiff's request for reversal of the Commissioner's decision, **DENIES** the Commissioner's request to affirm his decision, and **REMANDS** this matter to the ALJ to reevaluate step five of the sequential evaluation process set forth in 20 C.F.R. Sections 404.1520(a)(4) and 416.920(a)(4), to determine

the exact nature of reaching required by the representative jobs identified by the VE and whether Plaintiff can fulfill those requirements given his limitations.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: December 16, 2019

Frank W. Volk
United States District Judge